Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jane N. Roessler;  Plaintiff,  v.  Cavalry SPV I, LLC; and Cavalry Portfolio Services, LLC;  Defendants. | No.  **COMPLAINT**  (Jury Trial Demanded) |

**I. Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

**II. JURISDICTION**

2. Jurisdiction of this Court, over this action and the parties herein, arises

under 15 U.S.C. § 1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### III.  PARTIES

3. Plaintiff resides in Maricopa County, Arizona.
4. Plaintiff is a natural person allegedly obligated to pay a debt.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Cavalry SPV I, LLC ("SPV") is a foreign limited liability company.
7. SPV collects or attempts to collect debts which it claims to have purchased or been assigned after default.
8. SPV is a "debt collector" as that term is defined by FDCPA § 1692a(6).
9. SPV is a "person" as that term is defined by FCRA § 1681a(b).
10. SPV is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.
11. Defendant Cavalry Portfolio Services, LLC ("Cavalry") is a Delaware limited liability company registered to do business within the state of Arizona.
12. Cavalry is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0905049.
13. Cavalry collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it claims to have purchased or

been assigned after default.

14. Cavalry is a "debt collector" as that term is defined by FDCPA § 1692a(6).

15. Cavalry is a "person" as that term is defined by FCRA § 1681a(b).

16. Cavalry is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.

17. At all times relevant herein, Cavalry was acting in concert with, on behalf of, and / or as agent for SPV.

### IV. Factual Allegations

18. Defendants have been reporting derogatory and inaccurate statements and information concerning Plaintiff to third parties for an unknown period of time, including reporting this information to one or more of the three national consumer reporting agencies, including Equifax, Trans Union, and Experian.

19. This inaccurate information negatively reflects upon Plaintiff, and consists of statements which cannot be attributed to Plaintiff, or which misrepresent Plaintiff's credit history.

20. Equifax, Trans Union and Experian have taken the inaccurate information furnished by Defendants and disseminated it to other third parties, including Plaintiff's creditors and potential creditors.

21. Sometime prior to 2005, Plaintiff opened a credit card account with Bank of America.

22. In December 2007, Plaintiff missed a regular monthly payment, and the

Bank of America account went into default.

23. Subsequent to default, Bank of America allegedly sold the account to SPV.

24. After the alleged sale, SPV assigned the account to Cavalry for collection purposes.

25. On February 24, 2014, Plaintiff received a letter from the collection law firm of Gurstel Chargo, P.A. concerning the SPV debt. A copy of the letter is attached hereto as Exhibit A.

26. In the letter, Gurstel states that SPV has retained the firm to collect on the alleged debt previously owed to Bank of America.

27. Gurstel also states in the letter that the balance owed as of the date of the letter is $3,228.56.

28. On April 8, 2014, Gurstel filed a lawsuit on behalf of SPV against Plaintiff and her husband.

29. In the complaint, SPV alleges that the balance owed to it on the account is $3,228.56.

30. Early in 2014, Plaintiff obtained copies of her credit reports from Equifax, Trans Union and Experian.

31. These reports showed that Cavalry was reporting the SPV account to the consumer reporting agencies with a balance owed of $6323, which is much higher than the $3,228.56 claimed in Exhibit A and the complaint.

32. In April or May 2014, Plaintiff disputed the SPV account with each of the three national consumer reporting agencies. Plaintiff attached a copy of Exhibit A to each of the dispute letters sent to the agencies.

33. Upon information and belief, Equifax, Trans Union and Experian communicated Plaintiff's dispute of the tradeline to Cavalry and / or SPV.

34. Upon information and belief, Cavalry and / or SPV responded to Equifax, Trans Union and Experian concerning Plaintiff's dispute and verified it was reported accurately and / or updated the balance claimed to be owed.

35. On or about May 31, 2014, Trans Union sent Plaintiff notice of its investigation results concerning the Cavalry and SPV tradeline, including that the account had been updated to show a balance owing of $6,323 as of May 30, 2014.

36. On or about June 4, 2014, Experian sent Plaintiff notice of its investigation results concerning the Cavalry and SPV tradeline, including that it "Remains."

37. Experian's results did not show the Cavalry and SPV tradeline, but upon information and belief, it continued to report an amount much greater than $3,228.56.

38. Plaintiff never received a response from Equifax concerning the Cavalry and SPV tradeline she disputed, but upon information and belief, Cavalry and SPV continued to report its tradeline with a balance amount greater than $3,228.56.

39. Upon information and belief, Cavalry and / or SPV have continued to report inaccurate information concerning the Bank of America account to one or more of the consumer reporting agencies with a balance much greater that $3,228.56.

40. Upon information and belief, Cavalry and/or SPV received Equifax's notice of Plaintiff's dispute.

41. Cavalry's and / or SPV's investigation was in all ways inadequate and did not comport with the requirements under FCRA 1681s-2(b).

42. Cavalry and / or SPV ultimately "verified" its reporting of the account to Equifax, Trans Union and Experian.

43. Defendants have continued to report inaccurate, derogatory and improper information, and have failed to retract, delete, and / or suppress inaccurate, derogatory and improper information about the Plaintiff, as described more fully herein.

44. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages, including, but not limited to, and emotional distress.

## V. CAUSES OF ACTION

### a. FIRST CLAIM FOR RELIEF

**(Violation of FDCPA)**

45. Plaintiff incorporates by reference paragraphs 1 though 42.

46. Defendants Cavalry's and SPV's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e((2)(A), 1692e(5), 1692e(8), and 1692e(10).

47. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

### b. SECOND CLAIM FOR RELIEF

**(Negligent Noncompliance with FCRA)**

48. Plaintiff incorporates by reference paragraphs 1 though 48.

49. Defendants Cavalry and / or SPV and have failed to conduct a reasonable investigation of Plaintiff's disputes received from Equifax, Trans Union, and / or Experian concerning their reporting the underlying account, and have otherwise failed to comport with FCRA § 1681s-2(b).

50. As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages for which Plaintiff seeks damages in an amount to be determined by the jury.

51. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681*o*(a).

### c. THIRD CLAIM FOR RELIEF
### (Willful Noncompliance with FCRA)

52. Plaintiff incorporates by reference paragraphs 1 through 49.

53. Defendants Cavalry and SPV have willfully failed to conduct a reasonable investigation of Plaintiff's dispute received from Equifax, Trans Union and / or Experian concerning their reporting the underlying account, and have otherwise failed to comport with FCRA § 1681s-2(b).

54. As a result of Defendants' actions, Plaintiff has suffered, and continues to suffer, actual damages for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

55. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

### VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a) Actual damages to be determined by the jury;

b) Statutory damages to be determined by the jury;

c) Punitive damages to be determined by the jury;

d) Attorney's fees;

e) Costs and expenses incurred in this action; and

f) Such other relief as may be just and proper.

DATED  September 4, 2014  .

      s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff